THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| ALBERTO RODRIGUEZ-BECERRA, ) | Case No. 2:09cv00509 DS |
| Petitioner, ) | |
| vs. ) | MEMORANDUM DECISION AND ORDER |
| UNITED STATES OF AMERICA ) | |
| Respondent. ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Petitioner Alberto Rodriguez-Becerra entered a plea of guilty on November 3, 2008, to Possession of Methamphetamine With Intent to Distribute and Reentry of a Previously Removed Alien in violation of 21 U.S.C. § 841(a) and 8 U.S.C. § 1326 respectively. His plea agreement contained waivers of both appellate and collateral-attack rights. He was sentenced on February 27, 2009, to 78 months imprisonment. The Judgment was signed and entered on March 3, 2009. No direct appeal was taken.

Notwithstanding his waiver of collateral-attack rights, Petitioner, proceeding *pro se,* has filed the present motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. In his motion, Petitioner seeks a reduction in his sentence. The exact basis for his petition is not clear, but he claims generally that because of his alien status he has been denied equal protection and due process.

A "waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002). However, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." Id. at 1187. "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." Id. A defendant's waiver of his appellate or collateral attack rights are binding when (1) the scope of the waiver covers the disputed appeal or collateral attack, (2) the waiver was knowing and voluntary; and (3) enforcement of the waiver would not result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004); United States v. Kutilek, 260 Fed. Appx. 139, 143 (10th Cir. 2008)(same).

The scope of Petitioner's waiver is very broad. As part of his plea agreement, he acknowledged and certified that he "knowingly, voluntarily and expressly" waived his right to challenge his "sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28

2

U.S.C. § 2255". Statement by Def. in Advance of Plea of Guilty (the "Plea Agreement") at ¶ 12A(2)(b). He certified that he understood and agreed "that the word 'sentence' ... [was] being used broadly and applies to all aspects of the Court's sentencing authority...." *Id.* Petitioner's claims do not attack the validity of his plea or the waiver of his post conviction rights and squarely fall within the scope of the waiver of his right to collaterally attack his sentence.

When deciding whether a waiver is knowing and voluntary, the Court examines "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. Petitioner bears the burden of proving "support for the notion that he did not knowingly and voluntarily enter into his plea agreement." *Id.* at 1329. To accomplish this, he must "present evidence from the record establishing that he did not understand the waiver." *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003). Petitioner presents no such evidence. Indeed, the record clearly reflects that he understood the consequences of his Plea Agreement and entered into it knowingly and voluntarily. He signed the Plea Agreement in which he certified that he knowingly and voluntarily waived his right to appeal directly or via collateral attack, specifically through a Section 2255 motion, that

3

he had discussed the consequences of his plea with his counsel, and that he was satisfied with his counsel. His counsel also certified that he had discussed the Plea Agreement with Petitioner and fully explained his rights to him, and that he was of the belief that he knowingly and voluntarily entered the plea with full knowledge of his legal rights. Additionally, prior to accepting his change of plea to guilty, the Court advised Petitioner of his rights and the consequences of his plea and the waiver of his rights.

An appellate or collateral-attack waiver cannot be enforced if doing so would result in a miscarriage of justice, which in this context occurs only "'[1]where the district court relied on an impermissible factor such as race, [2]where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3]where the sentence exceeds the statutory maximum, or [4]where the waiver is otherwise unlawful.'" *Hahn*, 359 F.3d at 1327 (quoting United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir. 2001)(bracketed numbers in original). Petitioner does not raise any of the issues.

And finally, as the United States asserts, and for the reasons set forth by it in its opposition pleading, the Court agrees that "[e]ven if [Petitioner] had not waived his collateral-review rights, he states no basis for the Court to grant him relief." Opp'n p. 2.

Accordingly, for the reasons stated, Petitioner's Motion under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

DATED this ____ day of _____, 2009.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT